FILED
MAY 2 6 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MVM, INC.<br>44620 Guilford Drive, Suite 150<br>Ashburn, VA 20147<br>　　Plaintiff,<br><br>v.<br><br>DOUGLAS H. SHULMAN<br>COMMISSIONER OF<br>　INTERNAL REVENUE<br>INTERNAL REVENUE SERVICE<br>1111 Constitution Avenue<br>Washington, DC 20224<br><br>INTERNAL REVENUE SERVICE<br>1111 Constitution Avenue<br>Washington, DC 20224<br><br>　　Defendants. | Civil Action No. _____<br><br>COMPLAINT<br><br>Case: 1:11-cv-00980<br>Assigned To : Bates, John D.<br>Assign. Date : 5/26/2011<br>Description: FOIA/Privacy Act |

### I.　Introduction

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the Commissioner of the Internal Revenue Service ("IRS") to release documents concerning an IRS employment tax examination of Plaintiff, MVM, Inc. ("MVM") for the year 2005. MVM requested the documents at issue under FOIA on January 11, 2011 and the Commissioner has wrongfully denied access those documents under the FOIA and Section 6103 of the Internal Revenue Code ("IRC").

## II. Jurisdiction and Venue

2. This Court has jurisdiction over this matter under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Venue is proper in this district under 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

## III. Parties

3. MVM is a Virginia corporation with its principal place of business at 44620 Guilford Drive, Suite 150, Ashburn, Virginia 2017.

4. Defendant Douglas H. Shulman is the Commissioner of Internal Revenue, Internal Revenue Service ("IRS") and is being sued in his official capacity only. Defendant IRS is an agency within the meaning of 5 U.S.C. §§ 551, 552(f).

## IV. Factual Background

5. By letter dated January 11, 2011, MVM submitted a FOIA request seeking a copy of documents and records from the IRS employment tax examination administrative files concerning the employment tax examination of MVM for the year 2005. A copy of that request is attached as Exhibit A and incorporated by reference.

6. By letter dated March 28, 2011, Defendants responded to MVM's FOIA request denying MVM access to 363 pages in their entirety and 63 pages in part relying on FOIA exemption (b)(3) in conjunction with IRC Section 6103 and FOIA exemption (b)(7)(A). A copy of this response is attached as Exhibit B and incorporated by reference.

7. By letter dated April 5, 2011, MVM administratively appealed the denial of access to information under the FOIA and IRC Section 6103 and FOIA

exemption (b)(7)(A). A copy of this appeal is attached as Exhibit C and incorporated by reference.

8. By letter dated April 27, 2011, Defendants responded to MVM's administrative appeal by denying MVM's FOIA appeal in full. A copy of Defendants' response denying MVM's FOIA appeal is attached as Exhibit D.

9. MVM has exhausted any and all administrative remedies with respect to its FOIA request pursuant to 5 U.S.C. § 552(a)(6)(C).

10. Plaintiff has a right of access to the requested information under 5 U.S.C. § 552(a)(3), and there is no legal basis for defendants denial of such access.

## V.   Claim

### Count I
### (Violation of the Freedom of Information Act)
### (5 U.S.C. § 552)

11. Plaintiff realleges paragraphs 1-10.

12. Defendants have violated FOIA by failing to produce the requested records and failing to justify the claimed exemptions.

13. At the time Plaintiff requested these documents under the FOIA, Defendants had completed the employment tax examination of Plaintiff.

14. The documents and information being withheld were used by the IRS Revenue Agent to determine MVM's 2005 employment tax liability.

15. MVM is being irreparably harmed by reason of Defendants violation of FOIA, and plaintiff will continue to be irreparably harmed unless Defendants are compelled to conform its conduct to the requirements of law.

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Declare Defendants claim of FOIA exemptions to be unlawful;

2. Order Defendants to prepare a Vaughn index of the allegedly exempt records responsive to the request by a date certain;

3. Provide for expeditious proceedings in this action;

4. Enjoin defendants from continuing to withhold any and all non-exempt records responsive to the request;

5. Award Plaintiff attorney's fees and litigation costs reasonably incurred in this action as authorized by 5 U.S.C. § 552(a);

6. Retain jurisdiction over this matter to resolve any disputes over the propriety of the claimed exemptions, should any be claimed; and

7. Grant plaintiff such other relief as the Court deems appropriate.

Respectfully submitted,

GREENBERG TRAURIG, LLP

_/s/ Matthew Sorensen_
Matthew Sorensen (D.C. Bar No. 492-130)
1750 Tysons Blvd.
McLean, VA 22102
(703) 749-1315 (telephone)
(703) 714-8315 (facsimile)
SorensenM@gtlaw.com

Counsel for Plaintiff MVM, Inc.